IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WINSTON WILKINS,

      Petitioner,

v.                                          CASE NO. 5:14-cv-145-RS-GRJ

N C ENGLISH,
WARDEN, FCI MARIANNA,

      Respondent.

_____/

## ORDER AND REPORT AND RECOMMENDATION

      Petitioner, an inmate in federal custody proceeding *pro se*, initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paying the filing fee.  (Docs. 1, 4.)  Petitioner has now filed a motion for leave to amend his petition, and attached his proposed amended petition.  (Docs. 6, 6-1.)  The Court concludes that leave to amend is due to be granted.

      In his amended petition, Petitioner challenges the validity of his convictions and sentences for two counts of distributing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  *See United States v. Wilkins*, Case No. 9:97-cr-08092-KLR-1 (S.D. Fla.).  Because it is clear that Petitioner is not entitled to habeas corpus relief, the undersigned recommends that the Petition be denied.[1]

      The facts underlying the instant Petition are summarized in orders denying Petitioner's prior motions for postconviction relief from his conviction and sentence.

_____

[1] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent.

Petitioner was sentenced to two concurrent terms of 360 months of imprisonment. *Id*. Petitioner's convictions and sentence were affirmed on direct appeal. Petitioner unsuccessfully pursued postconviction relief under 28 U.S.C § 2255, and § 2241. *Id*.; *Wilkins v. United States of America*, Case No. 5:13-cv-66 (N.D. Fla. April 19, 2013).

Petitioner contends in the instant petition that he is entitled to relief from his enhanced sentence pursuant to *Descamps v. United States,* —  U.S. —, 133 S. Ct. 2276 (2013), because his Florida convictions are no longer predicate offenses for sentence enhancement.  (Doc. 6-1.)

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this  "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"  Here, Petitioner has previously been denied relief under 28 U.S.C. § 2255.

Under limited circumstances, a petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

The Eleventh Circuit has held that in order to proceed under the § 2255(e) savings clause, a § 2241 petitioner must satisfy five specific requirements: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, Circuit precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings

clause of § 2255(e) reaches his claim.  *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1257 (11th Cir. 2013).

Petitioner cannot satisfy these requirements, because *Descamps* does not apply retroactively on collateral review.  *See  Nipper v. Warden, FCC Coleman - Medium*, 2015 WL 106855 (11th Cir. Jan. 8, 2015) ("Nipper may not 'open the portal' to a § 2241 petition based on *Descamps*.  Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review.  Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it on collateral review."); *Wilson v. Warden, FCC Coleman*, 581 Fed. Appx. 750 (11th Cir. 2014) (noting that the Supreme Court itself has not declared *Descamps* retroactively applicable to cases on collateral review, and was decided in the context of a direct appeal).

In this case, it is unnecessary to address the remaining requirements because Petitioner fails to satisfy the third requirement – the new rule announced in *Descamps* does not apply retroactively on collateral review.  *Jeanty v. Warden, FCI-Miami*, 757 F.3rd 1283, 1285 (11th Cir. 2014) (finding it unnecessary to address all five savings clause requirements when the retroactivity requirement is not satisfied).

The Eleventh Circuit's conclusion that *Descamps* does not apply retroactively to cases on collateral review forecloses the claims in the instant petition. Therefore, the amended petition is due to be dismissed because Petitioner cannot satisfy the requirements of the § 2255(e) savings clause.

Accordingly, it is **ORDERED** that Petitioner's motion for leave to amend his petition, Doc. 6, is **GRANTED**.

It is further respectfully **RECOMMENDED** that the amended petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 6-1, should be **DENIED** and the

petition should be dismissed.

      **IN CHAMBERS** this 1st day of April, 2015.

             *s/Gary R. Jones*

             GARY R. JONES
             United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>

      **Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**